Emjadia PORTER, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV.A. 7:00–CV–00679.

United States District Court,
W.D. Virginia,
Roanoke Division.

April 6, 2001.

Emjadia Porter, Pro se.

Karen Breeding Peters, U.S. Atty's Office, Roanoke, VA, for Respondent.

## MEMORANDUM OPINION

WILSON, Chief Judge.

This is a motion pursuant to 28 U.S.C. § 2255 by Emjadia Porter maintaining that his sentence contravenes the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The court finds the motion successive and dismisses it.

### I.

A jury found Porter guilty of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, intimidation of an informant in violation of 18 U.S.C. § 1513(a)(2), and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced Porter to 270 months in prison: 210 months on the conspiracy count; a concurrent 120-month term on the intimidation count; and a consecutive 60-month term on the firearms count. Porter appealed, and the Court of Appeals for the Fourth Circuit affirmed. *See United States v. Williamson*, No. 95–5328, 1996 WL 293170 (4th Cir. June 4, 1996). Porter then filed his first § 2255 motion raising numerous ineffective assistance of counsel claims and a due process claim that essentially challenged the court's factual findings that all of the drugs involved in the conspiracy were reasonably foreseeable to Porter. The court rejected all of Porter's claims except a single effective assistance of counsel claim that Porter's counsel should have objected to the court's instruction concerning the intimidation of the informant. In essence, the court found that the informant who Porter intimidated was a state informant not a federal informant, an essential element of the offense. Had the deficiency been brought to the court's attention at trial, the court would not have submitted to the jury either the intimidation count or the firearm count, which was based upon the use of the firearm to intimidate the informant. Accordingly, the court vacated the intimidation count and the firearm count. Porter filed an untimely notice of appeal purporting to appeal the rejection of Porter's other claims, and the court of appeals dismissed his appeal. *See United States v. Porter*, No. 00–6407, 2000 WL 799724 (4th Cir. June 22, 2000).

At his resentencing on November 4, 1999, Porter attempted to expand the court's factual inquiry to redetermine the quantity of drugs attributable to Porter. The court declined and instead limited Porter's sentencing hearing to the determination of whether Porter was subject to a two-level adjustment for possession of the firearm under United States Sentencing Guideline Manual § 2D1.1(b)(1). The court applied the two-level adjustment and sentenced Porter to 262 months on the conspiracy count, Porter's sole remaining conviction. Porter appealed, and the court of appeals affirmed, stating in part:

> Porter argues on appeal that the district court should have vacated his conspiracy conviction and that the court erroneously allowed evidence seized at the time of his arrest to be introduced at his trial. These are not sentencing issues and therefore not properly before this court in this appeal. Porter also seeks to reopen issues for sentencing purposes concerning his involvement in the conspiracy, the quantity of drugs attributable to him, and the increase in his offense level based upon obstruction of justice. These issues were laid to rest in earlier proceedings before the district court and on direct appeal to this court and Porter has failed to make a showing justifying revisitation of these claims.

*United States v. Porter*, No. 99–4847, 2000 WL 774767, at *1 (4th Cir. June 16, 2000).

The Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348,

147 L.Ed.2d 435 (2000), on June 26, 2000, and Porter filed his current § 2255 motion on August 30, 2000, maintaining that the court was required to submit to the jury the question of the quantity of drugs involved in the conspiracy. The United States has moved to dismiss Porter's motion because it is successive. Porter maintains that his motion is not successive because it challenges his resentencing. The court concludes that the issues that Porter raises did not originate at his resentencing and that his petition is, therefore, successive.

## II.

■ A § 2255 motion that challenges only those issues that originated at resentencing after a first § 2255 motion is granted is not successive within the meaning of § 2255. *See In Re Taylor*, 171 F.3d 185, 188 (4th Cir.1999). As the court of appeals noted in *Taylor:*

> The AEDPA amendments to § 2255 do not define the phrase "second or successive." However, Congress did "not write upon a clean slate" when it enacted the AEDPA. *United States v. Texas*, 507 U.S. 529, 534, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993). The preexisting version of § 2255 also imposed limitations upon a prisoner's right to bring "a second or successive motion for similar relief," 28 U.S.C.A. § 2255 (West 1994), and we have previously recognized that the AEDPA "codif[ied] and extend[ed] judicially constructed limits on the con-

sideration of second and successive applications for collateral relief." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc).

> Prior to the enactment of AEDPA, a "successive petition" for collateral relief was one which raised "grounds identical to those raised and rejected on the merits on a prior petition," and a "petition raising grounds that were available but not relied upon in a prior petition" could be dismissed on the ground that the petitioner "ha[d] abused the writ." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (emphasis added); *accord Miller v. Bordenkircher*, 764 F.2d 245, 248–49 (4th Cir.1985). Thus, under pre-AEDPA law, a claim which did not arise until after a prior petition was filed would not be barred as "second or successive" or by the "abuse of the writ" doctrine.

*Id.* at 187.

■ However, Porter's problem is simply this: the issue he seeks to raise originated at the first sentencing.[1] In concluding that the petition in *In Re Taylor* was not successive, the court of appeals relied on the fact that Taylor expressly sought "to raise only those issues that originated at the time of his resentencing." *Id.* It was Taylor's "first opportunity to assert new issues which arose during his re-sentencing hearing." *Id.* at 188.

1. Porter also seeks to amend his motion to include a claim that he was arrested without probable cause because an essential jurisdictional element was lacking when the United States Magistrate Judge issued the warrant charging Porter with intimidating a witness. This court specifically rejected that argument when Porter raised it at resentencing, and the court stated its reasons in a written memorandum opinion. *United States v. Porter*, No. 94–0034–R (W.D.Va. Nov. 10, 1999). The

court of appeals affirmed, and Porter cannot raise the issue collaterally. It also is essentially a Fourth Amendment claim that cannot be raised in a § 2255 proceeding. *See Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). More fundamentally, it is successive because Porter could have raised it in his first § 2255 motion, and this court cannot hear it without the requisite court of appeals certification.

 The facts of the present case stand in sharp contrast to the facts in *Taylor*. The issue Porter seeks to raise originated with his first sentencing. This court declined to reopen the drug quantity issue when it expressly limited relief in Porter's first § 2255 motion. The court vacated the intimidation and firearm counts and expressly limited the issue at resentencing to the guideline question of whether the court should apply the two-level enhancement for possession of the firearm. Therefore, the drug quantity issue was closed and only a reversal could have reopened it. It follows that Porter's *Apprendi* claim originated from the court's attribution of drug quantities to him at his first sentencing and that this motion is successive. Accordingly, this court cannot hear Porter's *Apprendi* claim unless the court of appeals certifies the issue in accordance with § 2255.[2]

### III.

For the reasons stated, the court will dismiss Porter's § 2255 motion. An appropriate order will be entered this day.

### *ORDER*

In accordance with the court's Memorandum Opinion entered this day, it is **ORDERED and ADJUDGED** that Porter's motion pursuant to 28 U.S.C. § 2255 is **DISMISSED.**

Porter is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within sixty (60) days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

**2.** If the court of appeals were to find that Porter's motion is not successive, this court would then dismiss his *Apprendi* claim on the merits because *Apprendi* was decided after the court of appeals affirmed Porter's resentencing, and this court would not apply *Apprendi* retroactively. *See In re Vial*, 115 F.3d 1192, 1197 (4th Cir.1997) ("[A] new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the

Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding."); *Bowen v. United States*, No. CRIM 95–21–B–H, 2001 WL 263306 (D.Me. March 16, 2001) (*Apprendi* not retroactively applied in a § 2255 proceeding). Alternatively, this court would conclude that Porter's substantial rights were not affected. *See United States v. Strickland*, 245 F.3d 368 (4th Cir.2001).