

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2005

# Porter v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4766

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Porter v. Nash" (2005). *2005 Decisions.* Paper 1234.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1234

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-156                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4766
_____

EMJADIA PORTER,
                                                              Appellant

v.

WARDEN JOHN NASH,
WARDEN, FCI FORT DIX

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05254)
District Judge: Honorable Joseph E. Irenas
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2005

Before: ROTH, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed May 9, 2005)

_____

OPINION
_____

PER CURIAM

   Emjadia Porter, a federal prisoner, appeals <u>pro</u> <u>se</u> the orders of the United States

District Court for the District of New Jersey denying his habeas petition filed pursuant to

28 U.S.C. § 2241, and its subsequent order denying his motion for reconsideration. For the reasons that follow, we will summarily affirm the District Court's orders.

Following a jury trial, Porter was convicted in the United States District Court for the Western District of Virginia of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, intimidation of a witness, in violation of 18 U.S.C. § 1513(a)(2), and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). See Porter v. United States, 148 F.Supp.2d 685, 686 (W.D. Va. 2001) (detailing the substantive and procedural history of Porter's case). Porter was sentenced to 210 months' imprisonment on the conspiracy count, plus a concurrent term of 120 months' imprisonment on the intimidation count, and a consecutive term of 60 months' imprisonment on the firearm count. Porter's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Fourth Circuit. See United States v. Williamson, 1996 WL 293170 (4th Cir. Jun. 4, 1996).

Porter then filed a motion pursuant to 28 U.S.C. § 2255 in the District Court for the Western District of Virginia raising due process and ineffective assistance of counsel claims. The District Court rejected all of Porter's claims except one ineffectiveness claim relating to the trial court's jury instructions. Accordingly, the District Court for the Western District of Virginia vacated Porter's intimidation and firearm convictions, and ordered that he be resentenced on the remaining conspiracy conviction. The November 4, 1999 resentencing hearing was limited to a determination of whether Porter was subject

2

to a two-level adjustment for possession of a firearm under the U.S. Sentencing Guidelines Manual § 2D1.1(b)(1).[1]  See Porter, 148 F.Supp.2d at 686.  The District Court applied the two-level adjustment and then resentenced Porter to 262 months' imprisonment on the conspiracy count.  See id.  The Court of Appeals for the Fourth Circuit affirmed.  See United States v. Porter, 2000 WL 774767 (4th Cir. Jun. 16, 2000).

On August 20, 2004, Porter filed his second § 2255 motion in the District Court for the Western District of Virginia challenging his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000).  The District Court dismissed Porter's motion as second or successive, and, in the alternative, because Apprendi is not retroactive to cases on collateral review.  See Porter, 148 F.Supp.2d at 687-88 & 688 n. 2.  Again, the Court of Appeals for the Fourth Circuit affirmed.  See United States v. Porter, 2001 WL 1379876 (4th Cir. Nov. 7, 2001).

Porter, who is incarcerated at the Fort Dix Federal Correctional Institution, filed the underlying § 2241 petition in the District Court for the District of New Jersey on October 22, 2004.  In his petition, Porter argued that his 262 month sentence for conspiracy to distribute cocaine base violates Apprendi.  In an order entered on November 15, 2004, the District Court denied Porter's § 2241 petition.  Porter then filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which the District Court

---

[1] Porter unsuccessfully attempted to expand the resentencing hearing to include a redetermination by the District Court of the quantity of drugs attributable to him.

3

denied in an order entered on December 9, 2004.  This timely appeal followed.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence.  See Davis v. United States, 417 U.S. 333, 343 (1974).  A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims."  Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion.  See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); see also Cradle, 290 F.3d at 539.

Specifically, we held in Okereke that § 2255 is not inadequate or ineffective for a federal prisoner to challenge his sentence under Apprendi.  See Okereke, 307 F.3d at 120-21.  In Okereke, we distinguished Dorsainvil, 119 F.3d at 251, where the court found § 2255 inadequate or ineffective because the prisoner was in the unusual position of having no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application.  We explained that unlike a change in law that potentially made the crime for which the prisoner was

4

convicted non-criminal, <u>Apprendi</u> dealt with sentencing and did not render the drug offense for which Okereke was convicted, not criminal. <u>Okereke</u>, 307 F.3d at 121. Thus, notwithstanding Porter's contention that the Court of Appeals for the Fourth Circuit erred with respect to the retroactivity issue, <u>Okereke</u> precludes him from raising an <u>Apprendi</u> challenge in a § 2241 proceeding.

Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's November 15, 2004 and December 9, 2004 orders.