**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: AUDWIN HAWATHA TAYLOR,

<u>Movant.</u>

No. 98-636

On Motion for Authorization.

Argued: January 26, 1999

Decided: March 18, 1999

Before ERVIN, MOTZ, and TRAXLER, Circuit Judges.

_____

Dismissed by published opinion. Judge Traxler wrote the opinion, in which Judge Ervin and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Lisa Rafferty, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Movant. Timika Shafeek, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Respondent. **ON BRIEF:** Steven H. Goldblatt, Director, Catherine E. Lhamon, Supervising Attorney, Appellate Litigation Program, GEORGE-TOWN UNIVERSITY LAW CENTER, Washington, D.C., for Movant.

_____

**OPINION**

TRAXLER, Circuit Judge:

Audwin Hawatha Taylor ("Taylor") filed a motion in this court requesting our permission to file an application for relief from his

sentence under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, sec. 105, 110 Stat. 1214, 1220. Because Taylor seeks to raise only issues that originated during a resentencing hearing which resulted from his previously successful § 2255 motion, we hold that the § 2255 motion he now seeks to file is not "second or successive" within the meaning of § 2255. Accordingly, Taylor does not need our authorization to file the § 2255 motion in the district court, and we dismiss his motion seeking permission to file a second or successive application as unnecessary.

I.

In December 1994, Taylor pled guilty to one count of conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. § 846 (West Supp. 1998), and to three counts of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1998). The district court imposed a sentence of 120 months for the conspiracy count, and a sentence of 60 months for each of the firearm charges to run concurrently with each other and consecutively to the conspiracy sentence, for a total of 180 months.

In June 1996, Taylor filed a motion under 28 U.S.C.A. § 2255, seeking to set aside his § 924(c) convictions pursuant to Bailey v. United States, 516 U.S. 137 (1995). The district court vacated the firearm convictions because the government failed to show that Taylor used or carried the firearms within the meaning of § 924(c) as clarified by Bailey. At resentencing, the district court imposed a sentence for the single count of conspiracy. No direct appeal was taken. Taylor now seeks to file a § 2255 motion challenging his new sentence, asserting that he received ineffective assistance of counsel during the resentencing proceeding.

II.

Under the AEDPA amendments to 28 U.S.C.A. § 2255, a "second or successive" § 2255 motion to vacate a sentence may not be filed in the district court unless the movant has received permission to do so from the appropriate court of appeals. See 28 U.S.C.A. § 2255. The

2

AEDPA amendments set forth the criteria that the requested "second or successive" motion must satisfy for the movant to obtain permission from the court of appeals to proceed. Specifically, § 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 (West Supp. 1998).

Taylor concedes that he is unable to satisfy either of these criteria to obtain permission to file a "second or successive" § 2255 motion. Instead, he contends that we should not construe his § 2255 motion to be "second or successive" within the meaning of § 2255 because it challenges only those issues which arose during the resentencing hearing that followed the district court's grant of his prior § 2255 motion.

The AEDPA amendments to § 2255 do not define the phrase "second or successive." However, Congress did "not write upon a clean slate" when it enacted the AEDPA. United States v. Texas, 507 U.S. 529, 534 (1993). The preexisting version of § 2255 also imposed limitations upon a prisoner's right to bring "a second or successive motion for similar relief," 28 U.S.C.A. § 2255 (West 1994), and we have previously recognized that the AEDPA "codif[ied] and extend[ed] judicially constructed limits on the consideration of second and successive applications for collateral relief." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

3

Prior to the enactment of the AEDPA, a "successive petition" for collateral relief was one which raised "grounds identical to those raised and rejected on the merits on a prior petition," and a "petition raising grounds that were available but not relied upon in a prior petition" could be dismissed on the ground that the petitioner "ha[d] abused the writ." Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986) (emphasis added); accord Miller v. Bordenkircher , 764 F.2d 245, 248-49 (4th Cir. 1985). Thus, under pre-AEDPA law, a claim which did not arise until after a prior petition was filed would not be barred as "second or successive" or by the "abuse of the writ" doctrine.

Accordingly, we hold that the § 2255 motion which Taylor presently seeks to file is not "second or successive" within the meaning of the AEDPA amendments to 28 U.S.C.A. § 2255 because Taylor expressly seeks to raise only those issues that originated at the time of his resentencing, after his first § 2255 petition had been granted. Thus, it is Taylor's first opportunity to assert new issues which arose during his resentencing hearing. See Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) (holding that a habeas petition which seeks to raise only new issues arising from a resentencing is not "second or successive" for purposes of the AEDPA); Esposito v. United States, 135 F.3d 111, 113-14 (2d Cir. 1997) (finding subsequent petition was not second or successive because the defendant only sought to vacate an amended sentence on grounds which arose during resentencing). We further hold that in these circumstances a § 2255 motion may be presented directly to the district court without our certification.*

_____

*We recognize the government's concern that § 2255 applicants, under the guise of collaterally challenging a resentencing proceeding, may seek to raise issues which could have been raised in a prior § 2255 motion. In the instant case, Taylor presented his motion directly to this court. Consequently, we do not have the benefit of the district court transcript on resentencing and cannot determine for certain whether all of the issues Taylor now seeks to raise arose solely as a result of his amended sentence. Taylor has represented this to be the case, and the government appears to confirm this to be true.

Nevertheless, we believe that this determination should be made by the district judge presented with the § 2255 motion, who is in the best position to separate the "new" issues from any which existed at the time the applicant filed an earlier § 2255 motion and to limit his consideration of the motion accordingly.

4

III.

For the foregoing reasons, the § 2255 motion that Taylor seeks to file in the district court is not "second or successive" and Taylor is not required to obtain a certification from this court to file the motion. Accordingly, his request for certification is dismissed and we instruct the district court to accept filing of Taylor's § 2255 motion.

DISMISSED