**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-7192

HAROLD GREEN MCKINNON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, Senior District Judge.
(CR-91-56-BR, CA-99-462-5-BR)

Submitted: December 7, 1999

Decided: December 28, 1999

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Harold Green McKinnon, Appellant Pro Se. John Eric Evenson, II,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Harold Green McKinnon seeks to appeal the district court's orders dismissing his 28 U.S.C.A. § 2255 (West Supp. 1999) motion without prejudice and denying his motion for reconsideration. The district court dismissed the § 2255 motion for failure to receive authorization from this court to file a second or successive motion, as required by 28 U.S.C.A. § 2244 (West Supp. 1999). McKinnon filed his first § 2255 motion on May 16, 1996, challenging his drugs and firearm convictions. The district court granted McKinnon's § 2255 motion in part, vacated his 18 U.S.C.A. § 924(c) (West Supp. 1999) conviction in light of Bailey v. United States, 516 U.S. 137 (1995), and resentenced him. On resentencing, the district court found that McKinnon possessed a firearm in relation to the drug violations, and imposed a sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.11(b)(1) (1997). McKinnon appealed the amended judgment after resentencing and the portion of the district court's order denying his other § 2255 claims. This court affirmed the district court's orders.

McKinnon filed a second § 2255 motion on July 19, 1999, challenging the amended judgment after resentencing. He alleged that he received ineffective assistance of counsel and that his due process rights were violated because he was resentenced based upon inaccurate information. On July 21, 1999, the district court dismissed McKinnon's motion without prejudice for failing to receive authorization from this Court as required by 28 U.S.C.A. § 2244. McKinnon filed a motion for reconsideration, arguing that he did not need to file a motion for authorization because he was only challenging the amended sentence, and cited this court's recent decision in In re Taylor, 171 F.3d 185 (4th Cir. 1999). The district court denied the motion by margin order. McKinnon noted a timely appeal of the orders dismissing his § 2255 motion and motion for reconsideration.

Under the AEDPA, a "second or successive" § 2255 motion may not be filed in the district court unless the movant has received authorization from the Court of Appeals after filing a § 2244 motion. In Taylor, this court held that a § 2255 motion is not "second or succes-

2

sive" within the meaning of the AEDPA if the movant "expressly seeks to raise only those issues that originated at the time of his resentencing, after his first § 2255 petition has been granted. Thus, it is [the movant's] first opportunity to assert new issues which arose during his resentencing hearing." Taylor, 171 F.3d at 187-88. Therefore, when a movant seeks to vacate an amended sentence on grounds that arose during resentencing, the § 2255 may be filed directly in the district court without authorization from this court. See id.

Therefore, under Taylor, the second § 2255 motion that McKinnon seeks to file in the district court is not successive. The district court erred in dismissing the § 2255 motion for failure to receive authorization from this court to file a second or successive motion. Likewise, the district court erred in denying McKinnon's motion to reconsider the dismissal. We grant a certificate of appealability and remand the case to the district court to be filed in accordance with Taylor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3