UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

EMMETT MADISON GRAHAM, JR.,
　　　　　*Defendant-Appellant.*

No. 01-4682

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-97-98)

Submitted: April 9, 2002

Decided: May 3, 2002

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Melisa W. Gay, Mount Pleasant, South Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Emmett Madison Graham appeals his sentence imposed after re-sentencing pursuant to an order granting in part 28 U.S.C.A. § 2255 (West Supp. 2001) relief. At re-sentencing, the district court departed upward and imposed a 115-month term of imprisonment. On appeal, Graham argues that his conviction and sentence should be vacated due to challenges based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Castillo v. United States*, 530 U.S. 120 (2000), that the district court erred in departing upward based upon Graham's criminal history, and that the court erred in re-assessing monetary penalties imposed by the original judgment. Finding no error, we affirm.

We find that the issues related to *Apprendi* and *Castillo* are collateral attacks on Graham's conviction and original sentence, and were decided previously by the district court in Graham's 28 U.S.C.A. § 2255 proceeding. Any claim that does not originate from a re-sentencing order is deemed a collateral attack. *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999). If *Apprendi* issues raised on direct appeal were not at issue by reason of re-sentencing, the claims are deemed a collateral attack. *United States v. Smith*, 241 F.3d 546, 548 (7th Cir.), *cert. denied*, 122 S. Ct. 267 (2001). Graham previously filed an appeal of the order adjudicating these claims, and we dismissed the appeal on grounds unrelated to the merits of the claims.

The district court decided to depart upward in sentencing Graham because he had several convictions that were not counted in determining his criminal history score. In particular, the court cited three convictions for driving while impaired in 1975, 1978, and 1983, with the 1978 offense warranting a one-year term of imprisonment. In addition to its statements at re-sentencing, the court discussed the possible departure in the May 11, 2001, order, directing re-sentencing.

The district court's decision to depart is reviewed for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 98-99 (1996). A district court may depart on the basis of an encouraged factor if the applicable guideline does not already take it into account. *United States v. Brock*, 108 F.3d 31, 34 (4th Cir. 1997). The sentencing guidelines expressly

encourage departure when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes. *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2000); *United States v. Cash*, 983 F.2d 558, 560 (4th Cir. 1992). Reviewing the record as a whole, we conclude that the district court did not abuse its discretion in departing upward.

Graham argues that the re-assessment of the $150 special assessment is a violation of double jeopardy principles because the original judgment imposed the same assessment. He also argues that it was error for the court to impose the $6,000 fine because he is unable to pay it, and therefore the penalty was excessive and constitutes reversible error.

First, the court properly imposed the $150 special assessment. At the time Graham committed the crimes, 18 U.S.C. § 3013 (1994) required a $50 special assessment for each felony conviction, thus resulting in a $150 assessment for Graham's three counts of conviction. The re-imposed special assessment does not subject him to double jeopardy because the amended judgment supersedes the original judgment and does not require payment of a second special assessment.

Graham did not challenge the fines imposed either on direct appeal from the original judgment or in the § 2255 motion; therefore, he is barred from raising the issue for the first time in the re-sentencing proceeding. Although the district court actually reduced Graham's fine sua sponte, concomitant with the reduction in term of imprisonment imposed, he is without an avenue for relief. A judgment containing a fine is final unless it is subsequently modified or remitted under 18 U.S.C. § 3573 (1994), corrected under Fed. R. Crim. P. 35 or 18 U.S.C. § 3742 (1994), or appealed and modified under 18 U.S.C. § 3742. 18 U.S.C. § 3572 (1994). Graham has not had his fine revised under any of these statutory procedures or on review from the original sentence and therefore, the penalties are not subject to review.

We therefore affirm the amended judgment. We dispense with oral argument because the facts and legal contentions are adequately pre-

sented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*