# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

THOMAS JOHN MAYBECK,
　　　　　　*Defendant-Appellant.*

No. 02-6523

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-89-163-C, CR-89-164-C, CA-02-31-3-02-MU)

Submitted: August 27, 2002

Decided: September 13, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

Thomas John Maybeck, Appellant Pro Se. Robert James Conrad, Jr.,
United States Attorney, Brian Lee Whisler, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas John Maybeck seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2000) motion to set aside, vacate, or correct his sentence as second or successive within the meaning of 28 U.S.C. § 2244(b) (2000). Maybeck filed a first § 2255 motion in February 1991 challenging his February 1990 convictions for bank robbery and unlawful possession of a firearm. The district court dismissed that motion; however, we reversed the district court's order and remanded for re-sentencing. *See United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994). Maybeck's present § 2255 motion challenges issues arising from his re-sentencing.

To be entitled to a certificate of appealability, Maybeck must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). When a district court dismisses solely on procedural grounds, the movant "must demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473 (2000)).

In *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999), this Court held that when a prisoner files a § 2255 motion that expressly seeks to raise issues that originate at the time of his re-sentencing, the motion is not "second or successive" within the meaning of § 2244(b). Accordingly, because Maybeck's § 2255 motion that is the subject of this appeal specifically sought to raise issues arising from his re-sentencing, we conclude the district court erred in dismissing it as second or successive. Nevertheless, Maybeck is not entitled to relief. Upon examination of Maybeck's motion, we cannot conclude that reasonable jurists would find it debatable whether Maybeck has stated a valid claim of the denial of a constitutional right because he has failed to sufficiently allege such a claim. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately pre-

sented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*