Rehearing granted, January 10, 2006

PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: RICHARD EDWARD CABEY,
                              *Movant.*

No. 04-277

On Motion for Authorization to File Successive Application.

Argued: May 24, 2005

Decided: November 15, 2005

Before LUTTIG and DUNCAN, Circuit Judges,
and Eugene E. SILER, Jr., Senior Circuit Judge
of the United States Court of Appeals for the Sixth Circuit,
sitting by designation.

Authorization denied by published opinion. Judge Duncan wrote the majority opinion, in which Senior Judge Siler joined. Judge Luttig wrote a dissenting opinion.

## COUNSEL

**ARGUED:** James Phillip Griffin, Jr., NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Movant. Clarence Joe DelForge, III, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Respondent. **ON BRIEF:** Roy Cooper, Attorney General, Raleigh, North Carolina, for Respondent.

**OPINION**

DUNCAN, Circuit Judge:

Richard Cabey, a North Carolina inmate, moves for authorization, pursuant to 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, sec. 105, 110 Stat. 1214, 1221, to file a successive habeas corpus application challenging North Carolina's application of its parole statutes to him. Because Cabey seeks to raise only issues related to his parole that he could not have raised at the time of his prior habeas applications, we hold that he is not required to obtain pre-filing authorization under § 2244(b) before filing the instant petition. Accordingly, we deny authorization to file a successive habeas application as unnecessary and transfer Cabey's application to the district court for further proceedings.

I.

In 1982, a jury in North Carolina convicted Cabey of five counts of armed robbery. *See State v. Cabey*, 299 S.E.2d 194 (N.C. 1983). The trial court sentenced Cabey to life in prison on the first count followed by concurrent terms of incarceration of not less than twenty years nor more than twenty-five years on the remaining counts. After exhausting his state remedies, Cabey challenged his convictions and sentence in a federal habeas application under 28 U.S.C. § 2254. His challenge was denied on the merits in 1987. In 1996, Cabey filed a second unsuccessful habeas application, in which he asserted that the North Carolina Parole Commission had miscalculated the amount of good time credits to which he was entitled.[1]

In 1992, the Parole Commission "paper paroled" Cabey from his life sentence, and Cabey began discharging his remaining concurrent sentences.[2] Although a North Carolina court concluded that the Parole

---

[1]Cabey unsuccessfully appealed both the 1987 and 1996 denials.

[2]Although the parties have not clarified the term "paper parole," it appears from the documents before the court that a paper parole "releases" an inmate from a particular sentence, but the inmate remains in custody in order to discharge time remaining on another sentence.

Commission lacked the authority to issue "paper paroles" in August 1997, *see Robbins v. Freeman*, 487 S.E.2d 771 (N.C. Ct. App. 1997), the Parole Commission granted Cabey an unconditional discharge from his life sentence three months later. When the North Carolina Supreme Court affirmed *Robbins* without discussion in 1998, *see Robbins v. Freeman*, 496 S.E.2d 375 (N.C. 1998), the Parole Commission reinstated Cabey's life sentence.

Cabey challenged the reinstitution of his life sentence by initiating a third round of habeas proceedings in state court. After again exhausting his state remedies, Cabey filed a habeas application under 28 U.S.C. § 2254. The district court concluded that Cabey's latest application constituted an unauthorized successive application under § 2254 and dismissed it without prejudice. Cabey now seeks authorization under § 2244(b) to file a successive habeas application.

## II.

### A.

Under the AEDPA amendments to the habeas corpus statutes, an inmate challenging his confinement in state custody under 28 U.S.C. § 2254 must satisfy specific statutory conditions whenever he files a "second or successive" petition. 28 U.S.C. § 2244(b).[3] This case pre-

---

[3]Specifically, under § 2244(b)(2), a prospective habeas applicant must obtain authorization from a court of appeals before filing "a second or successive habeas application" in the district court. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). An inmate may not receive authorization to file an application deemed "second or successive" unless the claim presented

   (A)  . . . relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (B)  (i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

         (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

sents us with the question of what "second or successive" means in the specific context of Section 2244. Consistent with our precedent and the overwhelming weight of authority, we hold that Cabey's petition, which challenges North Carolina's application of its parole statutes to him and raises only new issues that did not exist and therefore could not have been raised at the time he filed his initial Section 2254 petition, is not a "second or successive" habeas petition under Section 2244(b). Accordingly, we remand the petition to the district court with instructions to accept it as an initial Section 2254 petition for habeas corpus.

B.

In considering the meaning of "second or successive" in *In Re: Taylor*, 171 F.3d 185 (4th Cir. 1999), we noted that "Congress did 'not write upon a clean slate' when it enacted the AEDPA." *Id.* at 187 (quoting *United States v. Texas*, 507 U.S. 529, 534 (1993)).[4] Instead, "AEDPA 'codified and extended judicially constructed limits on the consideration of second and successive applications for collateral relief.'" *Id.* (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)(en banc)). Specifically, as we have opined in the context of a Section 2244(b) motion seeking authorization to file a successive application, AEDPA incorporated longstanding habeas practice such as the "abuse of the writ" doctrine. *In Re: Williams*, 364 F.3d 235, 239 (4th Cir. 2004). The abuse of the writ "doctrine generally precluded a federal court from considering claims presented in a successive application unless the applicant could demonstrate cause and prejudice." *Id.* Under the doctrine, codified by AEDPA, "a claim which did not arise until after a prior petition was filed would not be barred as 'second or successive.'" *Taylor*, 171 F.3d at 187. We have therefore concluded in prior cases that a petition which "expressly seeks to raise only those issues that originated . . . after [petitioner's] first § 2255 petition had been granted" is not "second or successive" for purposes of AEDPA. *Id.* at 187-88; *see also Slack v. McDaniel*,

---

[4]*Taylor* involved a petition brought under 28 U.S.C. § 2255. *Taylor*'s discussion concerning the meaning of "second or successive," however, applies to the instant petition filed under Section 2254 because Sections 2254 and 2255 share the same statutory codification of the "second or successive" rule. 28 U.S.C. §§ 2244(b), 2254, 2255.

529 U.S. 473, 486-87 (2000) (noting that pre-AEDPA law, including the abuse of the writ doctrine, should be used in interpreting the meaning of the term of art "second or successive" in AEDPA); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (noting that AEDPA's restrictions on second or successive petitions "are well within the compass" of the evolution of the abuse of the writ doctrine).

Other circuits that have examined this issue since our decision in *Taylor* have uniformly agreed with our conclusion. The Eighth Circuit, for example, noting Supreme Court precedent suggesting that "'second or successive' remains a term of art that must be given meaning by reference both to the body of case law that developed before the enactment of AEDPA and the policies that prompted AEDPA's enactment," held that a subsequent Section 2254 petition that raised claims which could not have been brought in the petitioner's first petition was not "second or successive" for AEDPA purposes. *Crouch v. Norris*, 251 F.3d 720, 725 (8th Cir. 2001). Such petitions do not abuse the habeas process, the court noted, because the petitioner, by definition, could not have raised the claims in his first habeas petition. *Id.* at 724. In addition, the court noted that public policy concerns about undue delay and the finality of state court convictions motivated Congress when it passed AEDPA. *Id.* at 724. An inmate challenging, at the first possible instance, the application of state parole proceedings against him does not offend these public policy concerns. The petition does not implicate the finality of the conviction and sentence, nor does it cause any undue delay because the inmate could not have raised the challenge any earlier. *See id.* Accordingly, reading "second or successive" to include such petitions would not further the purposes behind AEDPA.

Upon reviewing the case law and legislative history of AEDPA, the Third Circuit similarly concluded that "a subsequent petition that challenges the administration of a sentence is clearly *not* a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3rd Cir. 2005) (emphasis in original) (citing *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003)("[A] habeas petition raising a claim that had not arisen at the time of a previous petition is not barred by § 2244(b) . . . ."); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)("[A] petition

challenging [prison] disciplinary proceedings would not be second or successive where the claim could not have been raised in an earlier petition and does not otherwise constitute an abuse of the writ."); *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002)(noting that § 2244(b) is a modified form of res judicata and, therefore, that a subsequent habeas petition should not be barred as "second or successive" if it raises only claims that could not have been raised in an initial petition) ; *In re Cain*, 137 F.3d 234, 236 (5th Cir. 1998) (applying common law principles to AEDPA and holding that petitions that "do not present claims that were or could have been raised in . . . earlier petitions" are not "second or successive" petitions)). The court noted that "the abuse of the writ doctrine's ongoing validity as a means of interpreting 'second and successive' has been strongly suggested by the Supreme Court, which has implied that § 2244 is a statutory extension and codification of the equitable principles of the doctrine." *Benchoff*, 404 F.3d at 817 (citing *Slack*, 529 U.S. at 486; *Felker*, 518 U.S. at 664).

## C.

In response to our precedent in *Taylor* and the supporting case law from other circuits, the Attorney General rather confusingly argues that "there is no *per se* or categorical rule which mandates that all [subsequent] petitions are, or are not, second or successive." Respondent's Brief at 4. According to the Attorney General, whenever the factual predicate for a new habeas petition arises after the dismissal of a prior petition, the movant will have to satisfy the substantive requirement of Subsection 2244(b)(2)(B)(ii) that "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[5]

---

[5]The dissent argues that *Taylor* is distinguishable because "*Taylor held* only that when a prisoner has been *resentenced* after a successful first habeas petition and then challenges the new sentence via another habeas petition, the subsequent petition is not a 'second or successive petition' under AEDPA." Post at 15 (emphasis in original). The dissent draws a factual distinction which makes no difference to the analysis. Nothing in *Taylor*, or the precedent from other circuits, suggests that the interpretation of "second or successive" depends on the manner in which the previ-

This argument assumes away the issue before us. We do not reach the "actual innocence" requirement of Subsection 2244(b)(2)(B)(ii) unless the petition at issue is "second or successive." 28 U.S.C. § 2244(b)(2). The Attorney General glosses over this crucial first step apparently by assuming that Cabey's petition is "second or successive" simply because it occurred later in time than a previous petition. As explained above, however, courts have almost uniformly rejected that literal reading of "second or successive." This circuit and others have held instead that it is a term of art. Indeed, in many of the cases cited above, the petitioner concedes that he *cannot* meet the substantive requirements of Subsections 2244(b)(2)(A) and 2244(b)(2)(B). *See Taylor*, 171 F.3d at 187 ("Taylor concedes that he is unable to satisfy either of the[ ] criteria to obtain permission to file a "second or successive" [habeas] motion."); *Crouch*, 251 F.3d at 724 ("Although Crouch's proposed petition neither relies on a new rule of constitutional law nor identifies newly-discovered facts that establish his innocence of the underlying sex offenses, Crouch may nevertheless be free to file his proposed petition in the district court if it is not 'second or successive.'"); *Singleton*, 319 F.3d at 1023 ("As Singleton concedes, he satisfies neither [Section 2244] exception"); *see also Benchoff*, 404 F.3d at 817 ("Section 2244's strict procedural regime and substantive standards only apply if Benchoff's current petition is 'second or successive' within the meaning of the statute."). In other words, a court must determine whether a petition is "second or successive" *before* it examines whether that petition meets the substantive requirements of Section 2244. If a petition is not "second or successive," then the substantive requirements of Section 2244 do not come into play.

By attempting to conflate the meaning of "second or successive" with the substantive requirements of Subsection 2244, the Attorney

---

ous petition was resolved. To the contrary, the operative question in *Taylor* was, as it is here, whether the petitioner's claim "originated . . . after his first [habeas] petition." *Taylor*, 171 F.3d at 187. In concluding that Cabey's challenge to North Carolina's application of its parole statutes to him, which did not occur until after his prior petitions, is not second or successive under Section 2244, we have chosen to apply the analyses adopted by every circuit to have considered the issue—including our own.

General misses this crucial point. At this juncture, the question before us is simply whether Cabey's petition is "second or successive" for purposes of requiring pre-filing authorization under Section 2244(b) —not an examination of the merits of that petition.

### D.

Applying the holding in *Taylor* and the well-settled meaning of "second or successive" to the facts of this case, we conclude that Cabey's petition is not "second or successive" as that term is used in Section 2244. Previous to the instant petition, Cabey had last filed a habeas petition in 1996. The parole issues of which Cabey complains in the instant petition occurred in 1998. Cabey, therefore, could not have raised these issues related to the administration of his sentence in a previous petition. The current petition, therefore, is not "second or successive."

### III.

In light of the foregoing, we conclude that Cabey's most recent application for habeas corpus relief is not "second or successive" as that phrase is used in § 2244(b). Accordingly, we deny Cabey's motion as unnecessary and direct that the § 2254 application appended to Cabey's motion be transferred to the district court to be treated as an initial application. *Muniz v. United States*, 236 F.3d 122, 123 (2d Cir. 2001) (citing 28 U.S.C. § 1631).

*AUTHORIZATION DENIED*

LUTTIG, Circuit Judge, dissenting:

The majority holds today that a second or successive habeas petition is not a "second or successive" petition within the meaning of 28 U.S.C. § 2244 if it is based on "new issues that did not exist and therefore could not have been raised" in a previous section 2254 petition. Created out of whole cloth as it has been, this exception is irreconcilable with both the plain meaning of the phrase "second or successive" in AEDPA and even with the understanding of that phrase as it was used in habeas corpus jurisprudence prior to

AEDPA's enactment. Needless to say, this wholesale exception for any "new issue" of law or fact that did not exist at the time of a previous petition overrides the carefully-crafted and narrow limitations that Congress imposed on the filing of second or successive petitions in section 2244.

I would dismiss the petition before us as a second and successive petition that does not fall within the statute's circumscribed exceptions. Accordingly, I dissent.

Because of the significance of the majority's holding to our court's habeas jurisprudence, I believe that our court should rehear this case *en banc* upon a petition for rehearing filed by either of the parties. Indeed, I believe the case sufficiently important for our habeas jurisprudence that we should rehear the case even if no petition for rehearing is filed.

## I.

## A.

Congress, in the Anti-Terrorism and Effective Death Penalty Act (AEDPA), permitted the consideration of second or successive habeas petitions in two circumstances only: where the petitioner relies on a new rule of constitutional law made retroactive by the Supreme Court, *id*. § 2244(b)(2)(A), or where the petitioner relies on facts that could not have been previously discovered through due diligence and that would, if proven, clearly establish that the petitioner was innocent of the underlying offense, *id*. § 2244(b)(2)(B). Cabey's instant habeas petition meets neither of these two statutory exceptions, and neither the majority nor Cabey contends otherwise.

A federal court, consequently, is authorized to hear Cabey's petition only if it is not a "second or successive" petition within the meaning of the statute. Obviously, the plain meaning of the phrase "second or successive" forecloses such a conclusion. The phrase "second or successive" qualifies the phrase "habeas corpus applications under section 2254," *see id*. § 2244(b)(2). Applications in turn are challenges to one's "custody pursuant to *the judgment* of a State court,"

*id.* § 2254(a)(emphasis added). As this is Cabey's third habeas petition challenging his continuous custody pursuant to the same state court judgment of conviction and sentence (in 1982), it is a second or successive petition barred by AEDPA.

The majority concludes that Cabey's petition is not "second or successive," holding that a petition that "raises only new issues that did not exist and therefore could not have been raised at the time [petitioner] filed his initial Section 2254 petition[ ] is not a 'second or successive' habeas petition." *See ante* at 4. It reasons as follows for this breathtaking expansion of federal habeas review. First, it notes that both the Supreme Court in *Slack* v. *McDaniel*, 529 U.S. 473 (2000), and this court in *In re Taylor*, 171 F.3d 185 (4th Cir. 1999), have stated that the definition of "second or successive" should be understood in light of pre-AEDPA jurisprudence governing such petitions. *See Slack*, 529 U.S. at 486 (stating that "'second or successive petition' is a term of art given substance in our prior habeas corpus cases" and that the Court did not "suggest the definition of second or successive would be different under AEDPA"); *Taylor*, 171 F.3d at 187. It next explains that a subsequent petition based upon new issues that did not exist at the time of the first petition would not have been dismissed pre-AEDPA under the "abuse of the writ" doctrine, *see Taylor*, 171 F.3d at 187. It then concludes that, because a petition based upon new issues that did not exist at the time of a previous petition would not have been dismissed, such a petition would not have been defined as a "second or successive" petition pre-AEDPA. Finally, from the fact that such a subsequent petition would not have been defined as a "second or successive" petition pre-AEDPA, the majority concludes that it is not a "second or successive" petition under AEDPA. *See ante* at 4-5 (citing *Taylor*, 171 F.3d at 187).

The central premise of the majority's holding is that any subsequent petition that would not have been *dismissed* pre-AEDPA, would not have been *defined* as "second or successive" during that same time period. This critical premise to the majority's holding is simply false. The version of Rule 9(b) of the Rules Governing Section 2254 cases that was in effect pre-AEDPA stated as follows: "A second or successive petition may be dismissed . . . if new and different grounds are alleged, [if] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." 28

U.S.C. § 2254 Rule 9(b) (1976) (*cited in McCleskey* v. *Zant*, 499 U.S. 467, 487 (1991)). The negative inference from Rule 9(b) is that if a second or successive petition was not an "abuse of the writ," it would not have been dismissed. Standing alone, this indisputable inference demonstrates the error in the majority's fundamental premise: in fact, there were second or successive petitions pre-AEDPA that would not have been dismissed. Indeed, so numerous were such cases pre-AEDPA that their citation is not even necessary.

The majority, of course, has asked and answered the wrong question. The relevant question to be answered is not whether a subsequent petition raising new issues would have been *dismissed* but, rather, whether such a petition would have been *defined* as "second or successive" pre-AEDPA. The Court in *Slack* said it is "*the definition* of second or successive" that would not be different under AEDPA, *see* 529 U.S. at 486 (emphasis added); the Court did not say, nor would it have ever said, that AEDPA did not alter the circumstances under which second or successive petitions can be heard by the federal courts. The very purpose of AEDPA was to change and limit the circumstances under which successive petitions could be considered. As this court has recognized, "AEDPA codif[ied] *and extend[ed]* judicially constructed limits *on the consideration of* second and successive applications for collateral relief." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) (emphases added). For example, under AEDPA, a new rule of constitutional law may be relied upon in a second or successive petition only if it has been made retroactive *by the Supreme Court*, *see* 28 U.S.C. § 2244(b)(2)(A), and claims in a second or successive petition based on newly discovered facts must prove *actual innocence*, *see id.* § 2244(b)(2)(B). Because neither the "by the Supreme Court" requirement nor the "actual innocence" requirement was part of pre-AEDPA "abuse of the writ" doctrine, *see McCleskey*, 499 U.S. at 487-88, these added restrictions result in the dismissal of second or successive petitions today that would not have been dismissed pre-AEDPA.

In sum, that the majority establishes that the petition before us would not have been *dismissed* as "an abuse of the writ" pre-AEDPA proves nothing as to whether the petition would have been *defined* as "second or successive" — pre-AEDPA or post-AEDPA. The majority must prove not that the petition would not have been dismissed pre-

AEDPA but, rather, that a petition based on issues that did not exist at the time of the initial petition would not have been considered "second or successive." This, it does not even attempt to do. Nor have any of the other courts upon which the majority relies for its analysis. And the reason is obvious. A subsequent petition that raises issues that did not exist at the time of the previous petition has always been considered second or successive.

B.

The exceptions to section 2244's bar on federal habeas review included by Congress in section 2244(b)(2) highlight both the gravity and the sweep of the majority's misinterpretation. Under today's holding, AEDPA's restrictions on the filing of second or successive habeas petitions simply do not apply to any petition that raises "new issues that did not exist" at the time of the first application because such petitions are not second or successive at all. Yet AEDPA's bar on consideration of second or successive petitions operates precisely in these circumstances — when the subsequent petition is based on "new issues" of law or fact — permitting review in an exceedingly narrow subset of such petitions.

Thus, turning to section 2244's limitations on the reviewability of new issues of law, whereas AEDPA permits consideration of a second or successive petition raising a new rule of law *only* if the new rule is constitutional in nature, was previously unavailable, and has been made retroactive by the Supreme Court, *see* 28 U.S.C. § 2244(b)(2)(A), under today's holding petitions raising claims that rely on "new issues" of law that did not exist need not satisfy the requirements of section 2244(b)(2)(A) at all because they are not even "second or successive" petitions. The "new issue" of law need not arise from an interpretation of the Constitution; it may come in the form of a new regulation or statute, or even a new interpretation of such by any court or any interpretive body. And neither must the new law have been made retroactive by the Supreme Court. AEDPA's limited exception for the presentation of a new issue of law is effectively rendered a nullity.

Because of the almost-incomprehensible reach of the court's holding, the temptation will be to try to read the opinion as encompassing

only subsequent petitions based on new issues of *fact* that did not exist, and not (as the opinion reads) "new issues" of *law or fact* that did not exist. But such a reading of the opinion would be not only indefensibly disingenuous because that is not what it says, but also demonstrably at odds with the opinion's own reasoning. For claims predicated upon new issues of law that did not exist at the time of a previous petition could not have been raised any more than claims predicated upon new issues of fact that did not exist at that time. In other words, not only by its terms but also by its own reasoning, there is no basis for reading the majority's opinion as distinguishing between a subsequent petition raising a claim based upon a new issue of law that did not previously exist and a subsequent petition raising a new issue of fact that did not previously exist. Neither claim, in the words of the majority, "could have been raised" in the prior petition.

The majority's holding, therefore, is, and can only be, properly understood to authorize federal habeas review over second or successive petitions raising new issues of fact *and law* that did not exist at the time of a previous petition. Indeed, that the majority refuses to recognize that the phrase "second or successive" in AEDPA would even admit of a distinction between fact and law in this regard is perhaps the only aspect of the opinion that is textually or otherwise analytically defensible.

Turning to the majority's holding with respect to section 2244's limitations on the reviewability of new issues of fact, just as it authorizes habeas review in federal court of vastly more claims based on new issues of law than does AEDPA, so also does it authorize review of vastly more claims presenting new issues of fact than does AEDPA.

AEDPA permits consideration of a second or successive petition based on new facts only when those facts could not have been previously discovered through the exercise of due diligence, and then only if those facts would clearly establish actual innocence. *See* 28 U.S.C. § 2244(b)(2)(B). By contrast, the majority holds that a petition raising any "new issue" of fact that did not exist is not a second or successive petition at all and thus does not have to satisfy any of the requirements of section 2244(b)(2).

Under this holding, federal courts in our circuit are now authorized to review countless petitions the review of which is expressly forbidden by AEDPA. Under AEDPA, second or successive petitions that either rely on facts that were already extant but that could have been discovered with due diligence or that do not show actual innocence are barred. Under the majority's holding, however, a petition will be cognizable if it raises even a new *issue* of fact; in other words, a petition will be cognizable if it raises a new issue as to a fact that was extant at the time of a previous petition. The fact need not have arisen since the filing of the subsequent petition. And a petition raising such a claim will be cognizable whether or not the new issue of fact proves that the petitioner is actually innocent. For example, if, after a petitioner files his first habeas petition, he files a subsequent petition alleging that a new witness has come forward and proffered testimony that tends to exculpate the petitioner or that a witness who testified at trial has changed his testimony in a way that tends to exculpate the petitioner, the petition in many instances, even if not in every instance, will have presented a "new issue" of fact that did not previously exist, even though the facts that gave rise to that new issue were in existence before the first petition was filed. And such a petition would be cognizable in federal court on habeas, contrary to section 2244(b)(2)(B), even if the facts underlying the new testimony could have been discovered with due diligence and even if they do not clearly establish actual innocence.

Even if the majority had narrowed its holding merely to claims based on facts arising after the filing of the first petition, rather than to new issues of fact that did not exist at the time of the first petition, the holding would be no more reconcilable with the statute, or even more analytically satisfying. Such a narrower holding would ensure that petitions based on facts that had already arisen would be considered second or successive, as obviously contemplated by section 2244(b)(2). But it would leave unexplained (and unexplainable) why a claim that could not have been brought because the predicate facts had not come into existence at the time of the first petition is not "second or successive" but a claim that could not have been brought because the predicate facts had come into existence but were not discoverable is a "second or successive" petition. The claims in the latter petition could no more have been raised than those in the former, but under the majority's holding, the latter petition would remain subject

to section 2244(b)(2)(B)'s actual innocence requirement while the former would not.

The reason for this seemingly inexplicable consequence is, it bears repeating, easily explained: The majority has completely misinterpreted AEDPA's phrase "second or successive" petition to mean any petition that could not have been considered pre-AEDPA.

C.

Though the majority thinks otherwise, *Taylor* is plainly insufficient authority upon which to ground its extraordinary decision. To be sure, *Taylor* relied upon the same flawed premise that the majority invokes here, namely, that if a new petition would not have been barred pre-AEDPA, it is not second or successive under AEDPA. And *Taylor* is almost surely wrong for this reason. But *Taylor held* only that when a prisoner has been *resentenced* after a successful first habeas petition and then challenges the new sentence via another habeas petition, the subsequent petition is not a "second or successive petition" under AEDPA. 171 F.3d at 187-88. Such a holding does not dictate the conclusion reached by the majority in this case. Reasonable minds could differ over whether a successive petition filed after an appeals-court-ordered resentencing is a challenge to a different judgment, namely, a judgment comprising the old conviction and the new sentence. However, where, as here, the subsequent petition challenges the very same conviction and the very same sentence originally challenged, it is not even arguable that a different judgment is being challenged. *Taylor* should never be extended to such a case, and that is unquestionably what the majority has done, albeit unwittingly.

II.

It would be difficult to overstate the significance of today's holding for our court's habeas jurisprudence. The majority vastly expands the number of second or successive petitions that federal courts will now be authorized to entertain. Under the majority's holding, habeas petitioners filing subsequent applications can now rely on any "new issue[ ] that did not exist" at the time of the first application, whether based upon new rules of regulatory, statutory, or constitutional law, and whether or not such rules have been made retroactive by the

Supreme Court. As well, they may now rely upon new facts that could have been discovered with due diligence, and new facts that do not clearly establish actual innocence.

As such, today's holding is not an interpretation of AEDPA. It is a wholesale rewriting of that legislation that does not merely embark the federal courts upon a return to pre-AEDPA habeas jurisprudence, it returns us to that jurisprudence fully.

I dissent. The instant petition satisfies neither of AEDPA's congressionally-imposed exceptions. I would dismiss the petition as a second or successive petition — as AEDPA, by its terms, requires.