UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony A. SMITH, Defendant–Appellant.

No. 99–4253.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 11, 2000.

Decided Feb. 8, 2001.

W. Charles Grace (submitted), Office of the U.S. Atty., Crim. Div., Fairview Heights, IL, for Plaintiff-Appellee.

Richard H. Parsons, Office of the Public Defender, Peoria, IL, for Defendant-Appellant.

Before COFFEY, EASTERBROOK, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

For a fourth time we consider arguments presented by Anthony Smith. The first time the case was here, on direct appeal from his conviction, we rejected most of his contentions but remanded for inquiry into the possibility of juror prejudice. *United States v. Smith*, 26 F.3d 739 (7th Cir.1994). The district court rejected Smith's position on remand, and we affirmed in an unpublished order. 1997 WL 58804, 1997 U.S.App. LEXIS 2332 (7th Cir. Feb. 7, 1997).

In April 1996 Smith began the current round of proceedings by filing a motion for resentencing under 18 U.S.C. § 3582(c), contending that a retroactive change in the Sentencing Guidelines required a reduction in his sentence. The district court agreed and reduced Smith's punishment from life to 405 months' imprisonment. But Smith was not happy with this change, even though it is the one specified by the amended guideline. He asked the district judge to cut his sentence still further, to 240 months, because the jury had not determined the amount of crack cocaine in which he had dealt. Twenty years (240 months) is the maximum for a person convicted of dealing in any small quantity of that substance. 21 U.S.C. § 841(b)(1)(C). The district court rejected that argument, as did we in an unpublished order. 2000 WL 729453, 2000 U.S.App. LEXIS 14038 (7th Cir. June 5, 2000). But after issuing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court remanded Smith's case to us for further consideration. — U.S. ——, 121 S.Ct. 336, 148 L.Ed.2d 270 (2000).

*Apprendi* establishes that the district court erred in 1992 when it failed to tell the jury to determine whether Smith is accountable for more than 50 grams of crack cocaine, which authorizes a maximum term of life imprisonment, § 841(b)(1)(A), or only some lesser amount. See *United States v. Nance*, No. 00–1836 (7th Cir. Dec. 29, 2000). If Smith possessed at least 5 grams of crack with intent to distribute, then the statutory maximum is 40 years, § 841(b)(1)(B), and for any lesser weight the maximum is 20 years. Smith's 405–month sentence is under 40 years, so 5 grams would have sufficed. Given the extensive criminal conduct narrated in our 1994 opinion concerning Smith and his many confederates, who operated an extensive, multi-year drug ring, such a finding would have been ordained. The judge found Smith accountable for more than 15 *kilo*grams of crack cocaine, and the lowest plausible estimate was around 9 kilograms. 26 F.3d

at 756–57. It is inconceivable that the jury would have convicted Smith of participating in the overall conspiracy, as it did, yet believed that he and his co-conspirators jointly dealt in less than 5 grams of crack. (Smith is answerable for all criminal acts of his co-conspirators within the scope of the conspiracy.) Thus, just as in *Nance*, the error in 1992 was not "plain error."

Smith did not raise this issue in 1992, when it would have been possible to submit the question to a jury, so "plain error" would be the standard if this were a direct appeal. But it is not. It is effectively a collateral attack, where the standard is even higher. Smith did not raise this contention in the district court at the time of trial, or in this court on direct appeal. His conviction and sentence thus became final. Smith's post-judgment request for resentencing rested on a change in the Sentencing Guidelines. Only at his resentencing under the amended guideline did Smith first raise the contention that the jury should have been told to determine whether the conspiracy dealt in 50, 5, or less than 5, grams of crack cocaine. That was a new issue, one not authorized by § 3582(c), for it is unrelated to any change in the Sentencing Guidelines. It is instead the sort of contention usually raised by motion under 28 U.S.C. § 2255, and because the argument falls within the scope of § 2255 ¶ 1 we treat it as a collateral attack under that statute. See *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000); *Romandine v. United States*, 206 F.3d 731 (7th Cir.2000).

To obtain collateral relief Smith must show "cause and prejudice," because he did not contend at his trial in 1992 that the jury must determine the quantities of drugs involved in the conspiracy. See *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Smith may believe that his neglect is excused because *Jones v. United States*, 526 U.S. 227, 243 n. 6,

119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), represents the Supreme Court's first express statement that the Constitution requires issues of this kind to be resolved by juries. A negative implication to the same effect may be derived from *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), which holds that the judge determines drug quantities for purposes of the Sentencing Guidelines; the Court reserved the question whether the thresholds under § 841(b) must be presented to juries. Even *Edwards*, however, was released long after Smith's 1992 trial.

Nonetheless, the lack of precedent for a position differs from "cause" for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration. See *Bousley v. United States*, 523 U.S. 614, 622–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Engle*, 456 U.S. at 130 n. 35, 102 S.Ct. 1558 (that a legal argument would have been unpersuasive to a given court does not constitute "cause" for failing to present that argument). "Cause" means some impediment, and Smith does not contend that any outside force impeded his legal defense in 1992. (Nor does he contend that counsel was ineffective for failure to anticipate *Apprendi*; no such argument would be tenable.) The lack of *any* reasonable legal basis for a claim may constitute "cause," see *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), but the foundation for *Apprendi* was laid long before 1992. Other defendants had been making *Apprendi*-like arguments ever since the Sentencing Guidelines came into being, and in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Court addressed on the merits an argument along similar lines. Smith could have invoked the themes in *McMillan*, and for that matter *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), just as the Justices themselves did in *Apprendi*. See *Garrott v. United*

*States*, No. 99–2921 (7th Cir. Jan. 30, 2001). Thus Smith has not established cause; and for the same reason that he could not show plain error (if that were the right standard) he cannot show prejudice either.

■ In discussing cause and prejudice we have assumed that *Apprendi* applies in the first place. This is by no means clear. Under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), few constitutional arguments apply retroactively on collateral attack even if properly preserved. The Supreme Court has not held that *Apprendi* is retroactively applicable on collateral attack. See *Talbott v. Indiana*, 226 F.3d 866 (7th Cir.2000). Given our conclusion that Smith has established neither cause nor prejudice, however, it is unnecessary to explore the subject of retroactivity.

Affirmed.