**Douglas E. CAMPBELL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–3533.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 2001.

Decided Oct. 16, 2001.

Before COFFEY, EASTERBROOK, and WILLIAMS, Circuit Judges.

ORDER

In October 1995, Campbell pled guilty to conspiracy to distribute an unspecified amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. He was later sentenced under 21 U.S.C. § 841(b)(1)(A) to 245 months' imprisonment—five months greater than the maximum sentence authorized by the statutory provisions under which he was charged. This court affirmed his conviction on direct appeal. *See United States v. Campbell,* 182 F.3d 923, 1999 U.S. LEXIS 9151 (7th Cir.1999) (unpublished disposition).

Campbell filed a collateral attack on May 8, 2000, arguing, among other things,

that his trial counsel was ineffective for failing to challenge the sentencing court's calculation of drug quantity, and (implicitly) that the imposition of a sentence beyond that authorized by § 841(b)(1)(C) was error. While the district court was considering his petition, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that any fact (other than a prior conviction) that may increase a defendant's sentence beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. Courts have since relied upon *Apprendi* to invalidate the application of § 841(b)(1)(A) at sentencing in cases in which the indictment, like the one here, did not allege drug quantity. *See, e.g., United States v. Nance*, 236 F.3d 820 (7th Cir.2000). But at the time Campbell was sentenced, the law unequivocally supported the court's application of § 841(b)(1)(A). *See United States v. Westmoreland*, 240 F.3d 618, 630–31 (7th Cir.2001) (collecting cases). For this reason, the district court ruled that Campbell's counsel was not ineffective for failing to challenge the court's practice. Campbell timely filed a Notice of Appeal and motion for a Certificate of Appealability, which the district court denied. Campbell reapplied to this court and we granted a certificate encompassing three issues:

1. Whether *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) precludes a defendant who pled guilty from raising an *Apprendi* issue on collateral review;

2. Whether Campbell's sentence of 245 months is lawful in light of *Apprendi*; and

3. Whether *Apprendi* applies retroactively to first time habeas petitions.

Our resolution of the first issue is simple. Campbell's plea agreement expressly preserved his right to appeal his sentence. Therefore the general rule established by *Broce, i.e.* that a voluntary and intelligent guilty plea may not be collaterally attacked, does not apply.

■ We cannot decide the second issue—whether his sentence is unlawful in light of *Apprendi*—because Campbell procedurally defaulted this claim by failing to raise it in his direct appeal. A procedurally defaulted claim may not be raised on habeas review unless the defendant can demonstrate "cause" and actual "prejudice," or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Campbell seeks to excuse his default by showing, first, that the rule established by *Apprendi* was so novel (as compared to the prevailing authority in the circuit courts at that time) that his counsel was prevented from making an *Apprendi*-like challenge on direct appeal. This argument has been rejected by this court on several occasions. *See Valenzuela v. United States*, 261 F.3d 694, 700 n. 2 (7th Cir.2001); *United States v. Smith*, 241 F.3d 546, 548–49 (7th Cir.2001); *Garrott v. United States*, 238 F.3d 903, 905 (7th Cir. 2001).[1] And the fact that Campbell himself made such an argument in his petition before *Apprendi* was decided belies his contention that the argument was too novel to be made at the time of his sentencing.

■ Furthermore, Campbell cannot show that he was prejudiced by the district court's application of § 841(b)(1)(A). At the plea hearing, the government claimed that, if forced to go to trial, it would present evidence that one of his co-con-

1. To date, three other circuits have agreed with our analysis. *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir.2001); *United States v. Sanders*, 247 F.3d 139, 145–46 (4th Cir.2001).

spirators directed him to retrieve one pound of methamphetamine, an amount four times the 100 grams necessary to trigger the application of § 841(b)(1)(A), from another co-conspirator and that those drugs were recovered from his vehicle by the police. The district court then asked if there was "anything that [the government] could not prove of what [it stated]." Campbell responded "No." Taking this plea statement as true, *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987), we cannot say that a reasonable jury presented with such overwhelming evidence of guilt could have found that he had not distributed at least 100 grams of methamphetamine. Moreover, Campbell admitted in his § 2255 petition that he distributed over 571 grams (approximately 20 ounces) ("Where the PSI states the campbell [sic] purchased 4 ounces of meth three times a month for six months[,] ... it should read 4 ounces of meth one time per month for five months."). Based on these admissions, Campbell has not shown that the outcome of his proceeding would have been different had he gone to trial and drug quantity had been submitted to a jury. For this same reason, Campbell could not withstand plain error review even if we excused his default. *See Smith*, 241 F.3d at 549.

Finally, because Campbell cannot justify his failure to raise his *Apprendi* challenge on direct appeal, we need not decide the retroactivity of *Apprendi*.

Accordingly, we AFFIRM his sentence.