**Michael A. ROE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–3385.

United States Court of Appeals, Seventh Circuit.

Argued March 5, 2002.

Decided March 7, 2002.

Rehearing and Rehearing En Banc Denied April 30, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

Order

In this collateral attack under 28 U.S.C. § 2255, Michael Roe contends that the 10–year sentence he received—the mandatory minimum sentence for a person with Roe's record of convictions who conspires to distribute more than 500 grams of cocaine, see 21 U.S.C. § 841(b)(1)(B)—is constitutionally invalid given the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Arguments that *Apprendi* applies to mandatory minimum sentences have been unpersuasive in this circuit. See, e.g. *United States v. Hill*, 252 F.3d 919, 921 (7th Cir.2001) (collecting other cases). We have thought it sufficient that a sentence be within a statutory maximum given facts found (or necessarily implied) by the jury's verdict. That verdict exposed Roe to a 20–year term, the lowest statutory cap for a person convicted of conspiring to distribute *any* quantity of cocaine. There is, however, a division of authority on the subject, and the conflict may be resolved

this spring by *Harris v. United States,* cert. granted, —— U.S. ——, 122 S.Ct. 663, 151 L.Ed.2d 578 (2001) (to be argued Mar. 25, 2002). It is unnecessary for us to hold these proceedings pending the decision in *Harris,* however, because Roe forfeited his contention by not raising it at sentencing or on direct appeal. See *United States v. Smith,* 241 F.3d 546 (7th Cir.2001).

Some defendants contend that their forfeiture should be excused because they could not have anticipated the holding in *Apprendi.* Roe does not make such an argument, however, and for good reason. Certiorari had been granted in *Apprendi* before Roe's direct appeal was briefed, and we decided his appeal on April 11, 2000, see 210 F.3d 741, while *Apprendi* was under advisement in the Supreme Court. If Roe wanted the benefit of *Apprendi,* all he had to do was file a petition for certiorari from our decision two years ago. He did not take that step and is in no position to complain now. He does contend that forfeiture doctrines are inapplicable because, in his view, the district court lacked "jurisdiction" to sentence him, but this misunderstands the nature of subject-matter jurisdiction in criminal cases. See, e.g., *United States v. Bjorkman,* 270 F.3d 482 (7th Cir.2001). Roe therefore cannot prevail on collateral attack. The district court reached the same conclusion, and its judgment is

AFFIRMED.