

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2003

# In Re Muhammed

Precedential or Non-Precedential: Non-Precedential

Docket 01-1998

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re Muhammed " (2003). *2003 Decisions.* Paper 755.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/755

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 01-1998
_____

IN RE: FAHIM MUHAMMED,

Petitioner.

Submitted Under Third Circuit LAR 34.1(a)
on January 13, 2003

Before: ROTH, ALDISERT, and FUENTES, Circuit Judges

(Opinion filed: March 6, 2003 )

ROTH, Circuit Judge:

Fahim Muhammed has applied to file a second habeas corpus petition under

28 U.S.C. §§ 2244(b) and 2255 in order to assert a claim under *Apprendi v. New Jersey*,

530 U.S. 466 (2000). Muhammed and six co-defendants were tried by a jury and convicted

of conspiracy to distribute heroin. The bases for Muhammed's *Apprendi* claim are that the

allegation regarding drug quantity was deleted when he was charged in a Superseding

Indictment; then, at his 1991 sentencing, the issue of the drug quantity was decided by a

preponderance of the evidence standard by the judge, not by the jury; and in addition his

sentence of 264 months exceeded the statutory maximum of twenty years provided by 21

U.S.C. §841(b)(1)), the catch-all provision.

A panel of this Court appointed counsel[1] and directed Muhammed to argue the

merits of his application, including the following issues:

> (1) whether Muhammed's claim under *Apprendi* would have been denied in a second or successive § 2255 motion as an abuse of the writ under pre-AEDPA [Antiterrorism and Effective Death Penalty Act of 1966] law, *see United States v. Roberson*, 194 F.3d 408 (3d Cir. 1999) (discussing retroactivity concerns in applying the substantive AEDPA standards to a § 2244 application if the movant's first § 2255 motion was filed pre-AEDPA);

> (2) whether Muhammed can show "cause and prejudice" or a "fundamental miscarriage of justice" under pre-AEDPA law; and

> (3) whether retroactive application of the *Apprendi* rule would have been barred under pre-AEDPA law by *Teague v. Lane*, 489 U.S. 288 (1989).

In his counseled brief, Muhammed has discussed these issues but he has not raised any

additional ones.

Under AEDPA, in order to be permitted to file a second habeas corpus application,

Muhammed must "make a prima facie showing" that his jury/sentencing claim falls within

one of the two narrow exceptions set forth under 28 U.S.C. § 2255. These exceptions are

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] We thank appointed counsel for her very able representation of Muhammed in this appeal.

If Muhammed fails to make this required showing, we will not authorize his application and it "shall be dismissed." *See*, 28 U.S.C. §§ 2244(b)(2) and (b)(3))*; In re: Turner,* 267 F. 3d 225, 227 (3d Cir. 2001).

Muhammed's application falls under the second exception, a new rule of constitutional law. However, although *Apprendi* has established a new rule of constitutional law, this rule has not been made retroactive by the Supreme Court to cases on collateral review. *See In re: Turner,* 267 F. 3d 225, 228 (3d Cir. 2001). Therefore, under AEDPA standards, Muhammed's petition fails.

Muhammed argues, nonetheless, that, because his first § 2255 petition was filed prior to the passage of AEDPA, the "gatekeeping" provisions of AEDPA cannot be applied to preclude a second/successive petition. He asserts that, if his second petition could have been brought under pre-AEDPA law, such a preclusion to filing it post-AEDPA would have an impermissible retroactive effect. This issue of the retroactivity of AEDPA as applied to a second petition, when the first petition was filed pre-AEDPA, has been considered by us in *United States v. Roberson,* 194 F. 3d 408, 411 (3d Cir. 1999) (application to bring a second petition under § 2255), and *In re: Minarik,* 166 F. 3d 591 (3d Cir. 1999) (application to bring a second petition under § 2254). We held in each case that, because the second petition would have been barred pre-AEDPA, the application of AEDPA's gatekeeping provisions to a prisoner's second petition had no impermissible retroactive effect.

Muhammed contends, nevertheless, that under pre-AEDPA law he would have had the right to bring a second petition to raise the jury/sentencing claim. We conclude,

however, that, even if Muhammed had attempted to bring a second petition asserting a jury/sentencing claim pre-AEDPA, it would have been barred by the abuse of writ principles set out in *McCleskey v. Zant,* 499 U.S. 467 (1991). Under *McCleskey*, Muhammed would have to demonstrate both "cause" and "actual prejudice" in order to excuse his failure to have raised the jury/sentencing claim in his first petition. *Id.* at 496. Muhammed has not done so.[2]

First, as to "cause," in *Bousley v. United States*, 523 U.S. 614, 622-23 (1998) the Supreme Court held that a claim is not unavailable merely because a previous attempt to raise it would have appeared to be futile under then-prevailing law. Moreover, a number of Courts of Appeals have held that a prisoner seeking collateral review of a jury/sentencing claim has not established cause for failure to raise it merely because *Apprendi* had not been decided at the time of the proceeding. *See United States v. Sanders*, 247 F.3d 139, 145-46 (4th Cir. 2001); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).

As to the prejudice prong, there was ample evidence at trial of sufficient heroin to support the 100 gram threshold of 21 U.S.C. § 841(b)(1)(B), which section permits a

---

[2] The government would also like us to decide that Muhammed must have relied on pre-AEDPA habeas law in failing to make his jury/sentencing claim in his first § 2255 petition. However, because Muhammed does not contend that he made any such reliance, we will not decide this issue.

sentence of up to 480 months, well above Muhammed's sentence of 264 months.

Muhammed denies that such an amount of heroin can be attributed to him. He argues that the only specific reference to a quantity of heroin involving him was a recorded telephone call concerning the sale of seven grams of drugs to him and that there is insufficient evidence of drugs to take his sentence out of the catch-all provision of § 841(b)(1)) and its 20 year maximum sentence. As the government points out, however, Mohammed was convicted of conspiracy to distribute heroin. The District Court did not, however, consider the entire amount of heroin acquired and distributed by the members of the conspiracy while Muhammed was involved in it but only that amount attributable to Muhammed's "relevant conduct." *See* U.S.S.G. § 1B1.3(a)(1)(B). The District Court found that Muhammed was a knowledgeable and well-acquainted lieutenant of Warren Gore, that there was a direct chain of distribution from Gore to Muhammed, that Muhammed also knew that Gore was providing heroin to Ricky Danzey and thus that it was reasonably foreseeable to Muhammed that Gore was dealing in at least 700 grams of heroin. Our review of the record indicates that such a finding was well supported by the evidence. Thus, Muhammed cannot show prejudice.

For the above reasons, Muhammed's jury/sentencing claim would have been barred under pre-AEDPA habeas law as an abuse of the writ. The jury/sentencing issue could have been raised in his first habeas petition but, even if it was not, in view of the strength of the evidence against him, Muhammed was not prejudiced. *See United States v. Roberson,* 194

F. 3d 408, 419 (3d Cir. 1999); *In re: Minarik,* 166 F. 3d 591, 609 (3d Cir. 1999).

The third issue that Muhammed addresses is whether retroactive application of the *Apprendi* rule would have been barred under pre-AEDPA law by *Teague v. Lane*, 489 U.S. 288 (1989). In *Teague*, the Supreme Court held that, as a general rule, a new constitutional rule of criminal procedure will not be applicable to cases which become final before the new rule is announced. 489 U.S. at 310. Because we have determined that Muhammed's *Apprendi* claim would be barred both under AEDPA and pre-AEDPA, as an abuse of the writ, we do not need to go on to resolve this issue.

For the foregoing reasons, Muhammed's motion to file a second habeas corpus application in the District Court will be denied without prejudice.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

　　　　　/s/ Jane R. Roth

　　　　Circuit Judge