THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTIN LEASON, Defendant-Appellant.

First District (4th Division)   No. 1—02—3722

Opinion filed September 9, 2004.

Edwin A. Burnette, Public Defender, of Chicago (Protase M. Tinka, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Defendant Martin Leason appeals from the summary dismissal of his successive *pro se* postconviction petition. He contends on appeal that the trial court erred in summarily dismissing his petition because it established the gist of a meritorious claim that he was denied a fair trial where the trial court failed to question potential jurors about gang bias despite the fact that gang testimony was pervasive at trial.

Following a jury trial, defendant was convicted of first degree murder on the theory of accountability and sentenced to 50 years in prison. As relevant to this appeal, the record shows that before trial, the trial judge asked the prospective jurors during *voir dire* whether they would be able to be fair and impartial jurors. The court also asked counsel for both sides, on several occasions, if they wished to ask the prospective jurors any questions. Defense counsel declined the opportunity and did not ask any questions related to gang bias.

At trial, the evidence showed that on October 13, 1990, at about 8 p.m., defendant and codefendants Rodney Moore and Joe Hodges, all members of the Gangster Disciples street gang, were informed that a fellow gang member had been beaten with a bat by the Vice Lords, a rival gang, near certain railroad tracks that represented the dividing line between the two gangs' territory. Defendant and codefendants ran to the tracks, where a group of Vice Lord gang members were present. During an encounter between the gang members, Moore fired a gun and the Vice Lords ran. Defendant and codefendants chased the Vice Lords, and Moore fatally shot the victim, Shawn Neustradter. Based on these facts, defendant was found guilty of first degree murder on the theory of accountability.

On direct appeal, defendant contested that the evidence was insufficient to sustain his conviction, his accomplice's testimony was improperly restricted, the prosecution made improper arguments, his 50-year sentence was impermissibly disparate from Moore's sentence, and the murder statute was unconstitutional. We affirmed defendant's conviction and sentence. *People v. Leason*, No. 1—92—3455 (1994) (unpublished order under Supreme Court Rule 23).

In October 1995, defendant filed a *pro se* postconviction petition, which the trial court summarily dismissed as frivolous and patently without merit. Neither defendant's initial *pro se* postconviction petition nor any transcripts related thereto were filed as part of the record in the instant appeal.

On appeal from the dismissal of defendant's initial petition, the public defender filed a motion pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), to withdraw as appellate counsel on the basis that there were no issues of arguable merit that could have been raised. On January 31, 1997, we granted counsel's motion to withdraw and affirmed the trial court's judgment. *People v. Leason*, No. 1—96—0186 (1997) (unpublished order under Supreme Court Rule 23).

On September 12, 2002, defendant filed the instant successive *pro se* postconviction petition, alleging he was prejudiced by the trial court's failure to question potential jurors about gang bias during *voir dire*, thereby violating the ruling in *People v. Strain*, 194 Ill. 2d 467 (2000). Defendant further alleged that because *Strain* was not decided until after he filed his first *pro se* postconviction petition, he had cause for not raising this claim in the earlier proceeding. Finally, defendant alleged that *Strain* was retroactively applicable to his case pursuant to *People v. Gardner*, 331 Ill. App. 3d 358 (2002). The trial court summarily dismissed defendant's successive petition as frivolous and patently without merit without specifying the findings of fact or conclusions of law it made in reaching its decision.

■ On appeal, defendant initially contends that the trial court erred in dismissing his successive *pro se* postconviction petition because the petition stated the gist of a meritorious claim and the court did not state the underlying law and facts it relied upon in dismissing the petition. Although it is advisable for a trial court to state its reasons for dismissing a postconviction petition, it is not mandatory. *People v. Porter*, 122 Ill. 2d 64, 82 (1988). If the trial court fails to specify its findings in a written order, the defendant is not prejudiced because the dismissal will be reviewed on appeal. *Porter*, 122 Ill. 2d at 82. Therefore, the trial court did not err in failing to specify the facts and law it relied upon in summarily dismissing defendant's successive *pro se* postconviction petition.

Defendant next contends that the trial court erred in dismissing his successive *pro se* postconviction petition because, pursuant to the ruling in *Strain*, which applies retroactively to his case, he was denied a fair trial when the trial court failed to question potential jurors about gang bias, and his trial counsel was ineffective for failing to raise any questions regarding gang bias. The State contends that defendant cannot establish cause and prejudice for failing to raise the gang bias issue earlier.

The standard of review regarding the summary dismissal of a postconviction petition is *de novo*. *People v. Collins*, 202 Ill. 2d 59, 66 (2002).

■ The Illinois Post-Conviction Hearing Act (Act) provides a remedy to criminal defendants who have suffered substantial violations of their constitutional rights. 725 ILCS 5/122—1 (West 2002). The defendant has the burden of demonstrating to the court a substantial violation of his federal or state constitutional rights that produced the challenged judgment. *People v. Jones,* 211 Ill. 2d 140, 143-44 (2004). A proceeding under the Act is not a direct attack on the underlying judgment but, rather, a collateral attack permitting inquiry into issues that were not, and could not have been, adjudicated on direct appeal. *Jones,* 211 Ill. 2d at 144. Therefore, the scope of post-conviction relief is limited by the doctrines of waiver and *res judicata.* *Jones,* 211 Ill. 2d at 144.

Unless the death penalty is involved, adjudication of a claim for postconviction relief follows a three-stage process. *Jones,* 211 Ill. 2d at 144. Review during the first stage of this process requires the trial court to determine whether the defendant's petition is frivolous or patently without merit. *Jones,* 211 Ill. 2d at 144. A postconviction petition is frivolous and patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the gist of a constitutional claim. *People v. Boyd,* 347 Ill. App. 3d 321, 327 (2004). The "gist" standard is a low threshold in which the petitioner need only present a limited amount of detail and need not set forth the claim in its entirety. *Jones,* 211 Ill. 2d at 144.

■ The Act prohibits the filing of successive postconviction petitions, but an exception exists when fundamental fairness so requires. *People v. Lee,* 207 Ill. 2d 1, 4-5 (2003). Accordingly, a defendant who fails to include an issue in his original or amended postconviction petition may raise the issue in a successive petition if he satisfies the requirements of the cause and prejudice test with respect to each claim presented. *Jones,* 211 Ill. 2d at 149. Pursuant to the cause and prejudice test, the defendant must show "cause" for failing to raise the issue in a prior proceeding and actual "prejudice" resulting from the claimed error. *Jones,* 211 Ill. 2d at 149. "Cause" is defined as an objective factor external to the defense that impeded defense counsel's attempts to raise the claim in an earlier proceeding. *Lee,* 207 Ill. 2d at 5. "Prejudice" is defined as an error so infectious to the trial proceeding that the resulting conviction violates due process. *Lee,* 207 Ill. 2d at 5.

The State argues that defendant waived the gang bias issue by failing to raise it on direct appeal or in his first postconviction petition, and also by failing to allege that appellate counsel was ineffective for failing to raise this issue on direct appeal. See *People v. Britt-El,* 206 Ill. 2d 331, 342 (2002) (the trial court can summarily dismiss a

successive postconviction petition at the first stage of review on the basis of waiver). As such, the State asserts that unless defendant can meet the requirements of the cause and prejudice test, which he cannot, summary dismissal of his successive *pro se* postconviction petition was warranted.

■ We agree with the State's contention that defendant cannot satisfy the requirements of the cause and prejudice test because he has not shown "cause" for failing to raise the gang bias issue at an earlier time. Defendant contends that he met the cause requirement because *Strain*, which established the legal predicate for his gang bias claim, was not decided until November 16, 2000, after he filed his first *pro se* postconviction petition.

In *Strain*, the trial court asked prospective jurors during *voir dire* whether they, or anyone they knew, were ever involved in a gang and if they could be fair to each side; however, the trial court refused defense counsel's request to ask the prospective jurors whether they would find the defendant less believable if they learned he was a gang member. *Strain*, 194 Ill. 2d at 470-73. The defendant was ultimately convicted of two counts of first degree murder, and on appeal, our supreme court reversed the conviction, holding that when gang testimony is pervasive, a defendant must be given the opportunity to question prospective jurors, either directly or through the court, about gang bias. *Strain*, 194 Ill. 2d at 469, 477. The court further held that if a defendant is "denied an informed and intelligent basis on which to assert challenges for cause or to exercise peremptory challenges" because of the trial court's refusal to probe for gang bias, reversible error exists. *Strain*, 194 Ill. 2d at 481.

Despite the ruling in *Strain*, defendant's contention fails because the lack of precedent for a position differs from "cause" for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, to preserve it for review. See *Bousley v. United States*, 523 U.S. 614, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998); *United States v. Smith*, 241 F.3d 546 (7th Cir. 2001). *Bousley* involved a federal court proceeding where the defendant pled guilty to using a firearm in 1990. *Bousley*, 523 U.S. at 616, 140 L. Ed. 2d at 835, 118 S. Ct. at 1608. Five years after Bousley's conviction, in *Bailey v. United States*, 516 U.S. 137, 144, 133 L. Ed. 2d 472, 481, 116 S. Ct. 501, 506 (1995), the Supreme Court held that to prove "use" of a firearm, the government must show "active employment of the firearm." *Bousley*, 523 U.S. at 616, 140 L. Ed. 2d at 835, 118 S. Ct. at 1608. The defendant attacked the voluntariness of his plea, for the first time, in a *habeas corpus* petition, alleging that the district court misinformed him about the elements of his offense when he pled guilty. *Bousley*, 523 U.S. at

617-18, 622, 140 L. Ed. 2d at 836-37, 839, 118 S. Ct. at 1608, 1611. The United States Supreme Court held that the voluntariness and intelligence of a guilty plea could not be attacked on collateral review unless the plea was first challenged on direct appeal, and therefore, defendant procedurally defaulted his claim that his guilty plea was constitutionally invalid. *Bousley*, 523 U.S. at 621, 140 L. Ed. 2d at 839, 118 S. Ct. at 1610. The court noted that defendant could overcome waiver by demonstrating cause and prejudice or actual innocence. *Bousley*, 523 U.S. at 622, 140 L. Ed. 2d at 839-40, 118 S. Ct. at 1611. The defendant argued that he had cause for failing to raise his claim earlier because the legal basis for his claim was not previously available to counsel. *Bousley*, 523 U.S. at 622-23, 140 L. Ed. 2d at 840, 118 S. Ct. at 1611. The court rejected defendant's argument, finding his claim was not so novel that it lacked a legal basis. *Bousley*, 523 U.S. at 622, 140 L. Ed. 2d at 840, 118 S. Ct. at 1611.

In *Smith*, the defendant collaterally attacked his 1992 sentence for drug trafficking through a motion to vacate based on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), which established that the district court erred by not telling the jury to determine whether the defendant was accountable for more than 50 grams of cocaine or a lesser amount. *Smith*, 241 F.3d at 547. Because the defendant did not previously raise this issue, the court found that he could only obtain collateral relief by demonstrating cause and prejudice. *Smith*, 241 F.3d at 548. Defendant argued that he was unable to raise this claim prior to *Apprendi* because there was no precedent to support his contention. *Smith*, 241 F.3d at 548. The court found that the defendant failed to establish cause, as the legal foundation for *Apprendi* was laid long before his sentence in 1992. *Smith*, 241 F.3d at 548.

Following *Bousley* and *Smith*, defendant's contention that he was unable to raise his claim regarding jury bias earlier because he lacked the legal foundation to do so is without merit. Moreover, defendant's jury bias claim is based on facts within the original trial record and does not involve any newly discovered evidence. Therefore, defendant is unable to establish cause for his default and fails to satisfy the requirements of the cause and prejudice test.

Further, this is not a case where the trial court may review defendant's successive *pro se* postconviction petition to prevent a fundamental miscarriage of justice. Although a successive postconviction petition may be reviewed under such circumstances, even where the defendant cannot satisfy the requirements of the cause and prejudice test, the death penalty or a claim of actual innocence must be involved. See *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). Neither of these circumstances applies to this case.

456

Finally, defendant contends, for the first time on appeal, that his trial counsel was ineffective because he failed to probe into the gang bias issue, and had he done so, the outcome of the trial would have differed. Defendant has waived this issue by failing to raise it in his successive *pro se* postconviction petition. See *Jones*, 211 Ill. 2d at 148 (matter not raised in postconviction petition may not be argued on appeal).

Waiver aside, this court has held that trial counsel's decision not to pose gang bias questions during *voir dire* is reasonable where the defendant and victim are both gang members and the gang evidence is being used to explain motive. *People v. Benford*, 349 Ill. App. 3d 721, 733 (2004). Defense counsel may reasonably conclude, as a matter of trial strategy, that questioning prospective jurors about gang bias would unduly emphasize the gang issue and outweigh any potential prejudice that venire members may have. *Benford*, 349 Ill. App. 3d at 733. Therefore, defendant's claim alleging ineffective assistance of trial counsel fails.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

QUINN, P.J., and HARTMAN, J., concur.