NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 5, 2012
Decided November 29, 2012

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-1339

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United States District |
| *Plaintiff-Appellee,* | ] Court for the Northern District of |
| | ] Indiana, Hammond Division. |
| v. | ] |
| | ] No. 2:01-CR-67-RL-PRC-1 |
| ADAM TYRALE WILLIAMS, JR., | ] |
| *Defendant-Appellant.* | ] **Rudy Lozano,** |
| | ] *Judge.* |

## O R D E R

Adam Williams was found guilty of conspiring to distribute 50 or more grams of crack cocaine, distributing 50 or more grams of crack, and distributing 5 or more grams of crack, in violation of 21 U.S.C. §§ 846, 841(a)(1). At sentencing, he was determined to have an offense level of 44 and a guidelines range of life imprisonment. The court sentenced him to the statutory maximum on each count - - life sentences for counts one

and two and 40 years' imprisonment for count three, to be served concurrently.

Three years later, Williams argued to the district court that his sentence violated his right to a jury trial, which the court construed as a motion for collateral relief under 28 U.S.C. § 2255. The court denied that relief on the basis that the request was made more than a year after his conviction became final. See 28 U.S.C. § 2255(f).

In 2009, Williams moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that Guidelines Amendment 711 entitled him to a 2-level reduction in his offense level. The district court agreed that his new offense level was 42, but applying the sentencing factors under 18 U.S.C. § 3553(a) and the potential threat to public safety, the court determined that a life sentence was still appropriate. We affirmed that decision on appeal.

Williams has now brought another motion for a sentence reduction under § 3582(c)(2), contending this time that his offense level should be further reduced as a result of Guidelines Amendment 750, which reduces his offense level to 40 with a corresponding guideline range of 292 to 365 months. The district court accepted the applicability of the new offense level, but after applying the §3553(a) factors and public safety considerations, again determined that a life sentence was appropriate.

Williams now appeals that determination, but raises no challenges to the court's application of the § 3553(a) factors or the concern for public safety. Instead, Williams raises a number of claims unrelated to the § 3582 motion for reduction, including that he was sentenced under unconstitutional mandatory guidelines, that a life sentence constitutes cruel and unusual punishment where the offense did not involve any violent act, and that the sentencing disparity for crack and powder cocaine offenses violates the Equal Protection Clauses. As the government properly points out, none of those claims are related to the retroactive amendment of the crack cocaine guidelines and its application to Williams' sentence, and therefore they cannot be properly asserted in this appeal. See *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001). Although Williams does not directly raise any challenges to the district court's consideration of the § 3553(a) factors and particularly its concern with the threat to public safety posed by Williams, our independent consideration of those issues reveals no abuse of discretion in the court's decision that a life sentence was appropriate. *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009) (abuse of discretion standard applies to decisions under § 3582). The court's discretionary decision reflects its recognition of the proper guidelines

range, its consideration of the § 3553(a) factors, and its determination that a sentence of life was appropriate particularly in light of the threat to public safety posed by Williams.  See *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009) ( § 3582 "confers upon the district court substantial discretion - within the broad framework of 18 U.S.C. § 3553(a) and assuming consistency with the relevant policy statements of the Sentencing Commission-to decide whether a sentence reduction is warranted").  The decision of the district court is **AFFIRMED**.