**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 27, 2006**

**TENTH CIRCUIT**

DALE M.L. DENNEY,

            Petitioner - Appellant,

    v.

MICHAEL A. NELSON, Warden;
ATTORNEY GENERAL OF
KANSAS,

            Respondents - Appellees.

No. 06-3268

(D. Kansas)

(D.C. No. 01-CV-3406-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Dale M. L. Denney seeks to appeal the district court's denial of his motion

for relief under Fed. R. Civ. P. 60(b). He is currently serving sentences for his

1993 convictions in Kansas state court for multiple crimes, including sodomy,

sexual battery, and weapons charges. He can appeal only if we grant him a

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability (COA). *See* 28 U.S.C. § 2253(c) (requiring a COA to pursue an appeal); *Spitznas v. Boone*, No. 05-6236, 2006 WL 2789868, at *3 (10th Cir. Sept. 29, 2006) (requiring habeas movant to obtain a COA before appealing district court's denial of Rule 60(b) motion). We deny a COA and dismiss his appeal.

In October 2001 Mr. Denney filed in the United States District Court for the District of Kansas an application for relief under 28 U.S.C. § 2254. The district court denied his application, and we denied a COA. Mr. Denney then filed two additional pleadings (the Rejected Motions) with the district court. One sought to have his habeas application reinstated based on what he alleged was new evidence supporting his entitlement to relief—a purported finding by a state judge that there was no evidence in one of the cases against Mr. Denney. The second alleged a conspiracy among state officials to deprive him of his liberty by tampering with DNA samples and evidence, and sought reinstatement of his habeas application so that he could obtain corrective action.

The district court characterized the Rejected Motions as attempts to file "second or successive habeas petitions" under 28 U.S.C. § 2244(b)(3). It therefore transferred the Rejected Motions to this court, and we refused to authorize their filing in district court. *See* 28 U.S.C. § 2244(b)(2) & (3).

On April 5, 2006, Mr. Denney filed in the district court a Rule 60(b) motion challenging its failure to consider the merits of his Rejected Motions and its characterization of them as second or successive habeas applications. The district court reviewed his Rule 60(b) motion, found that it challenged this court's rejection of his prior request to permit the filing of his Rejected Motions, and denied the motion. Mr. Denney now seeks to appeal the district court's ruling.

We have recently addressed the proper treatment of Rule 60(b) motions in § 2254 proceedings. *See Spitznas*, 2006 WL 2789868. To the extent that a motion seeks relief from the state-court judgment, it is not a "true" Rule 60(b) motion, but is instead a successive or second application for relief. *See id.* at *1. It is a true Rule 60(b) motion if it "challenges only a procedural ruling of the habeas court," or "challenges a defect in the integrity of the federal habeas proceeding." *Id.* A movant may not appeal the denial of a Rule 60(b) motion without first obtaining a COA from this court. *See id.* at *3.

Because Mr. Denney's Rule 60(b) motion challenged a procedural ruling of the district court (whether to characterize his Rejected Motions as second or successive applications under § 2254), we will treat it as a Rule 60(b) motion. Perhaps our jurisdiction is barred by 28 U.S.C. § 2244(b)(3)(E) (circuit court's grant or denial of authorization to file a second or successive application is not

subject to appeal, rehearing, or writ of certiorari). But in any event we deny a COA, so we do not take jurisdiction to review the district court's ruling.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

The issue before us is whether the district court properly denied Mr. Denney's Rule 60(b) motion. That denial was certainly proper if the motion

-4-

lacked merit—that is, if the district court had correctly characterized the Rejected Motions as second or successive applications for habeas relief. In our view, not only was that characterization correct, but no reasonable jurist would have decided otherwise. Both Rejected Motions were second or successive applications under § 2254 because they sought to have Mr. Denney's convictions set aside. *See Spitznas*, 2006 WL 2789868 at *1. Neither merely challenged a procedural ruling by the federal district court or " a defect in the integrity of the federal habeas proceeding." *Id*.; *see United States v. Nelson*, No. 06-6071, 2006 WL 2848113, *2 (10th Cir. Oct. 6, 2006) (discussing what type of pleading constitutes a second or successive motion for relief).

For the proposition that his Rejected Motions were not second or successive applications, Mr. Denney relies on *In re Cabey*, No. 04-277, 429 F.3d 93 (4th Cir. Nov. 15, 2005) *vacated because reh'g granted (*Jan. 10, 2006) *superseded by In re Cabey*, No. 04-277 (4th Cir. June 30, 2006) (unpublished per curiam order). In that case the prisoner "challenge[d] North Carolina's application of its parole statutes to him." *Id.* at 4. The pertinent action by the State had occurred after the prisoner had filed his original habeas application. *See id.* The Fourth Circuit panel held that because his new habeas application was challenging a sentencing event that happened after his original habeas application had been denied, it raised issues that could not have been raised in his

original application and therefore was not a second or successive application. *See id.* at 8. Mr. Denney contends that he, too, is relying on evidence that did not exist until after he had filed the original application. But we find Mr. Denney's reliance on *Cabey* unpersuasive. That opinion has been superseded by an unpublished order. *See In re Cabey*, No. 04-277 (4th Cir. June 30, 2006). In any event, the case is readily distinguishable because in this circuit, "a challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241," *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005), and § 2244(b) does not apply to § 2241 proceedings. Unlike the situation in *Cabey*, the challenge here is to the original conviction and sentence.

The district court's denial of Mr. Denney's Rule 60(b) motion was neither debatable nor wrong. We therefore DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-6-